RICE *& a. v.* LYNDEBOROUGH GLASS CO. *and Trs.*

An agent cannot legally appropriate the property of his principal to the payment of his own debt.

FOREIGN ATTACHMENT. Facts found by a referee.

From May, 1871, until April 1, 1875, the defendant Putnam was engaged in manufacturing glass ware under the name of the Lyndeborough Glass Co. April 1, 1875, Tripp & Conant took possession of the glass works under a mortgage from Putnam, and appointed him their agent. From that time Tripp & Conant carried on the business under the name of the Lyndeborough Glass Co.

In December, 1877, Putnam told one Shannon, the plaintiffs' agent, that if he would secure an order from the trustees for the manufacture of bottles by the Lyndeborough Glass Co , the plaintiffs' note against him should be paid out of the proceeds of the

order. At the suggestion of Shannon, the trustees had an interview with Putnam, which resulted in their giving an order for goods amounting to $482, and the trustees are now indebted on account of that order to the amount of $282.25; and it is on account of this indebtedness that the trustees are sought to be charged. Shannon did not know that Tripp & Conant were carrying on the business, and they did not know of Putnam's promise to the plaintiff, and had never authorized Putnam to pay his private debts from the proceeds of the business. One White claimed the funds by virtue of a draft from Putnam as agent of Tripp & Conant.

*Wells & Burleigh*, for the plaintiffs.

*Smith*, for the trustees and claimant.

STANLEY, J. It is not necessary to decide whether the claimant can maintain his right to the funds in the hands of the trustees, for, if he cannot, the trustees are not chargeable in this suit. They do not owe the principal defendant. The suit is against Putnam doing business in the name of the Lyndeborough Glass Co. The funds in the hands of the trustees belong to Tripp & Conant, doing business in the name of the Lyndeborough Glass Co. The trustees owe Tripp & Conant, not Putnam, and having no funds of Putnam in their hands, they are not chargeable. *Greenleaf* v. *Perrin*, 8 N. H. 273; *Paul* v. *Paul*, 10 N. H. 120; *Boardman* v. *Cushing*, 12 N. H. 112; *Getchell* v. *Chase*, 37 N. H. 110; *Richards* v. *R. R.*, 44 N. H. 127, 139; *Forist* v. *Bellows*, 59 N. H. 229; Drake Att., ss. 458, 517, 541, 672. The fact that Putnam agreed to pay this debt from the proceeds of goods sold the trustees, can make no difference. Tripp & Conant, to whom the goods belonged, gave Putnam no authority to make such an agreement, and they had no knowledge that he did so. Putnam's unauthorized agreement could not change the title to the goods which he sold the trustees. *Holton* v. *Smith*, 7 N. H. 446; *Hatch* v. *Taylor*, 10 N. H. 543.

*Trustees discharged.*

CLARK, J., did not sit: the others concurred.